CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
September 30, 2026
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| Brian Arnaz Robins, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 7:26-cv-00614 |
| | ) | |
| | ) | |
| Travis Hayton *et al.*, | ) | |
| | ) | |
| Defendants. | | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Brian Arnaz Robins, an incarcerated individual proceeding *pro se*, filed this civil rights action under 42 U.S.C. § 1983. Robins complains that he has been defamed and harassed by Defendant Travis Hayton, the detective that charged him with offenses, because he was not ultimately convicted of some of the charges. (Dkt. 1.)

Robins previously filed the documents needed to support his application to proceed *in forma pauperis*. (Dkts. 2, 4.) While the court finds that Robins qualifies to proceed without prepayment of fees or costs, it also finds that the complaint fails to state any viable federal claim upon which relief can be granted. Accordingly, the court grants the *in forma pauperis* application but dismisses the complaint without prejudice *sua sponte* under 28 U.S.C. § 1915(e)(2)(B).

## I. Standard of Review

The court must dismiss a complaint filed *in forma pauperis* "at any time" the court determines that a complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656–57 (4th Cir. 2006). This statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

The standards for reviewing a complaint for dismissal under § 1915(e)(2)(B)(ii) are the same as those which apply when a defendant moves for dismissal under Federal Rule of Civil Procedure 12(b)(6). *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). Thus, in reviewing a complaint under this statute, the court must accept all well-pleaded factual allegations as true and view the complaint in the light most favorable to the plaintiff. *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

While the court will construe *pro se* submissions liberally, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), any complaint must state a right to relief that is plausible on its face. *See Iqbal*, 556 U.S. at 678. Moreover, "this liberal construction does not require the court to ignore clear defects in pleading" or to "conjure up questions never squarely presented in the complaint."

*Jefferies v. UNC Reg'l Physicians Pediatrics*, 320 F. Supp. 3d 757, 760 (M.D.N.C. 2018) (citations omitted).

## II. Analysis

The complaint here fails to present any viable federal claim; it is deficient in multiple ways.

First, to present a claim under 42 U.S.C. § 1983, Robins must identify facts indicating that a constitutional provision or a violation of a federal law is at issue. While Robins claims that the acts of Hayton in charging him with criminal offenses and posting that he is a drug dealer on social media constitute "defamation and slander," infliction of emotional distress, and harassment, these are claims that would arise under state law, not federal law. Robins has not adequately identified how any alleged acts violate the United States Constitution or a federal law. Without a viable federal claim in the action, the court lacks jurisdiction to consider state law claims.

To the extent that Robins intended to name Tazewell County Sheriff's Office as a Defendant, to state a claim under § 1983, a plaintiff must allege facts indicating that he or she has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a **person** acting under color of state law. The Sheriff's Office is not a person. *Santiago v. Lynchburg Police Dep't*, No. 7:23-cv-00281, 2024 WL 542414, at *2 (W.D. Va. Feb. 12, 2024) (collecting authority). Thus, Robins does not adequately state a § 1983 claim against Tazewell County Sherrif's Office.

Next, the mere fact that Robins was charged and acquitted of some offenses; or that some offenses were or will be *nolle prossed* does not itself establish wrongdoing by any of the

named Defendants. *See English v. Clarke*, 90 F.4th 636, 646 (4th Cir. 2024) (rejecting § 1983 claims asserted under the Fourth Amendment after charges were *nolle prossed*). Robins identifies no additional facts that would support a claim of malicious prosecution or false arrest. He has not identified any facts that indicate that the charges lacked probable cause at the time they were lodged.

Finally, a viable § 1983 claim requires factual details about a defendant's personal involvement in the violation of a plaintiff's rights. *See Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017). The "facts" alleged in the amended complaint are too sparse and conclusory to support any plausible claim of entitlement to relief against Hayton or other Defendants.

## III. Conclusion and Order

For the foregoing reasons, the court **GRANTS** the application to proceed *in forma pauperis*, but **DISMISSES** this action **without prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b). The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order to Robins.

**ENTERED** this 30th day of September, 2026.



HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE